**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1389**

KOEBEL PRICE,

Plaintiff - Appellant,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA; NATIONAL DEMOCRATIC INSTITUTE,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:16-cv-02037-GJH)

Submitted: November 30, 2018                     Decided: December 26, 2018

Before THACKER, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott B. Elkind, ELKIND & SHEA, Silver Spring, Maryland, for Appellant.  Scott M. Trager, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Koebel Price filed a complaint, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (2012), against his former employer, the National Democratic Institute, and Unum Life Insurance Company of America (Unum) (collectively, Defendants), alleging that Unum wrongfully denied his claim for long-term disability benefits. Defendants and Price both moved for summary judgment. The district court granted Defendants' motion and denied Price's. We affirm.

We review de novo the district court's disposition of cross-motions for summary judgment. *Bostic v. Schaefer*, 760 F.3d 352, 370 (4th Cir. 2014). "When cross-motions for summary judgment are before a court, the court examines each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 354 (4th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

Initially, we agree with the district court that Price has not established a reason to deviate from the usual abuse-of-discretion standard employed in cases like this, where the plan administrator has discretionary authority to determine a claimant's benefit eligibility. *See Fortier v. Principal Life Ins. Co.*, 666 F.3d 231, 235 (4th Cir. 2012). "Judicial review of an ERISA administrator's decision for abuse of discretion requires us primarily to determine whether the decision was reasonable, a determination that is

2

informed by" the nonexhaustive list of factors we set forth in *Booth v. Wal-Mart Stores, Inc. Associates Health & Welfare Plan*, 201 F.3d 335, 342-43 (4th Cir. 2000). *Griffin v. Hartford Life & Accident Ins. Co.*, 898 F.3d 371, 381 (4th Cir. 2018). Ultimately, "to be held reasonable, the administrator's decision must result from a deliberate, principled reasoning process and be supported by substantial evidence." *Griffin*, 898 F.3d at 381 (brackets and internal quotation marks omitted). "[W]e will not disturb a plan administrator's decision if the decision is reasonable, even if we would have come to a contrary conclusion independently." *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 630 (4th Cir. 2010).

After reviewing the record and the parties' arguments, we conclude that Unum did not abuse its discretion in denying Price's benefits claim. We therefore affirm the district court's judgment substantially for the reasons stated in its thorough opinion. *Price v. Unum Life Ins. Co.*, No. 8:16-cv-02037-GJH (D. Md. Mar. 14, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*